UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KERIM AKEL,**

      **Plaintiff,**

v.                                                                  CASE NO.:

**SOUTHERN METHODIST
UNIVERSITY,**

      **Defendant.**

_____/

## COMPLAINT

Plaintiff, KERIM AKEL, hereby sues Defendant, SOUTHERN METHODIST UNIVERSITY ("SMU"), and alleges:

### NATURE OF THE ACTION

1. This action is brought pursuant to Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d et. seq.); 42 U.S.C. § 1981 and § 1981a; and 42 U.S.C. § 1988, for race, ethnicity, and national origin discrimination.

### PARTIES AND JURISDICTION

2. This Court has diversity jurisdiction under 28 U.S.C. §1332. Plaintiff, a private individual, is a citizen of the State of Florida who resides in Navarre, Santa Rosa County. Defendant is a citizen of Texas, a private university incorporated in Texas with its principal place of business in Dallas. At all relevant times, Defendant was a program receiving Federal financial assistance as defined in 42 U.S.C. § 2000d(2)(A). The amount in controversy, without interest and costs, exceeds $75,000. Venue in this District is proper because, at all

1

relevant times, Plaintiff resided in Navarre, Santa Rosa County, and a substantial part of the events giving rise to this case occurred within this District.

## CONDITIONS PRECEDENT

3. All conditions precedent, if any, are satisfied.

## STATEMENT OF THE ULTIMATE FACTS

4. Plaintiff is a 62-year-old naturalized United States citizen who was born in Syria, raised in Lebanon, and emigrated to the United States in 1977. He was trained and educated in electrical engineering. He has practiced it in the United States since 1979. In 1984 he earned a stateside B.S. in electrical engineering from Georgia Tech and, in 1994, a Master's in electrical engineering from Loyola Marymount University, Los Angeles.

5. Because of his race (Middle Eastern/North African), ethnicity (Syrian/Lebanese), and place of origin (Lebanon), Plaintiff is a member of a protected class.

6. In 2011, Plaintiff was accepted into Defendant's Ph.D. program in Electrical Engineering ("the Ph.D. program") as a long-distance student, meaning he attended classes and interacted with his Dallas-based professors and advisers electronically from his home in Navarre, Florida.

7. The Ph.D. program consists of two main components: coursework and completion of a dissertation.

8. To earn a Ph.D., a student must, among other things, complete 24 credit hours of graded course work and 24 credit hours of ungraded research (the only available research grades being "Satisfactory" or "Unsatisfactory").

9. Plaintiff completed his 24 hours of graded coursework with a cumulative grade point average of 3.912 on a 4.0 scale. At the time of his 2016 withdrawal from the Ph.D. program,

he had completed 15 of his required 24 research credit hours with all "Satisfactory" grades.

10. The dissertation component of the Ph.D. process consists of two main steps. In the first step, a student must pass a Qualifying Examination (which is itself a multi-step process). Then, after completing a written dissertation, a student must pass a final oral exam called a "dissertation defense."

11. The Qualifying Examination step of the dissertation component consists of a four-part process. These parts are: passage of a written exam, selection and approval of a dissertation topic, formation of a supervisory committee, and passage of an oral evaluation conducted by the supervisory committee.

12. Only after successful completion of the Qualifying Examination is a student considered fully admitted to the Ph.D. program and eligible to complete a dissertation defense.

13. Plaintiff passed the written examination portion of his Qualifying Examination in September 2013.

14. All students in the Ph.D. program are expected to collaborate and coordinate with assigned faculty advisers who provide them academic and personal guidance. The first academic adviser assigned to Plaintiff was Dr. Choon Lee.

15. Plaintiff first obtained approval for the general area/topic of his dissertation from Dr. Lee in November 2013.

16. In June 2014, Dr. Lee, after reading a manuscript Plaintiff prepared, notified Plaintiff that, despite his earlier approval, he no longer believed Plaintiff's dissertation topic was sufficiently novel or original to meet the requirements of the Ph.D. program, suggested Plaintiff find another topic, and recommended Plaintiff take on Dr. Jerome Butler as a new

faculty adviser, rather than himself.

17. Plaintiff did as he was told and took on Dr. Butler as a new faculty adviser. He submitted a new dissertation subject to both Lee and Butler, which both approved in August 2014.

18. Between August 2014 and late 2015, Plaintiff continued his coursework and researched his dissertation topic. Throughout his research, Plaintiff consistently received positive comments on his dissertation work. He was told repeatedly he had a good topic on which he could likely publish. No one ever told him his topic was unacceptable or that his work was substandard.

19. Before completing the oral portion of the Qualification Examination, a student must form a supervisory committee made up of faculty members who participate in the student's oral evaluation and dissertation defense.

20. During the Fall 2015 semester, Dr. Butler formed Plaintiff's supervisory committee and informed Plaintiff he should complete the oral portion of his Qualification Examination in Spring 2016.

21. During the Fall 2015 semester, Plaintiff and his supervisory committee also settled, in writing, on the end of the Spring 2016 semester as Plaintiff's projected graduation date.

22. In Fall 2015, Plaintiff submitted a 150-page dissertation progress report to his supervisory committee for use in his first oral examination the following semester. During the Fall 2015 semester, Plaintiff received a "Satisfactory" grade on this report, which clearly laid out, in exhaustive detail, the subject of his dissertation and the status of Plaintiff's research, which had so far met with consistent approval.

23. At the beginning of the Spring 2016 semester, all Plaintiff had left to do to graduate

was pass the oral portion of his Qualification Examination, complete nine credit hours of research coursework, finish his dissertation, and pass his dissertation defense.

24. The oral portion of Plaintiff's Qualification Examination was scheduled for January 4, 2016, in Dallas. Plaintiff travelled to Dallas on that date.

25. January 4, 2016 was the first time Plaintiff and Dr. Butler met face-to-face (Plaintiff being a long-distance student).

26. During their first meeting, Dr. Butler repeatedly inquired into Defendant's ethnicity and national origin in a rude, insulting, and inappropriate way that made Plaintiff feel extremely uncomfortable. Plaintiff answered all of Butler's insulting questions about his ethnicity and origins.

27. Plaintiff's presentation on January 4, 2016 seemed to go well. Plaintiff was given some minor action items by a couple members of the supervisory committee that he was to work on before he came back to defend his dissertation. At no point did any of the reviewers suggest any problems with the subject matter of Plaintiff's dissertation or the overall quality of his work.

28. While following up on his action items, Plaintiff repeatedly e-mailed Dr. Butler with questions and requests for clarification concerning them.

29. Butler ignored Plaintiff's e-mails.

30. On or about January 11, 2016, while still working on his action items in anticipation of his dissertation defense, Plaintiff was abruptly told by Dr. Butler that his dissertation topic, about which he had been completely open since August 2014, and which had never been questioned before, was suddenly unacceptable to Butler. Plaintiff was told he had failed the Qualifying Examination and had to start the dissertation portion of his program all over again

5

with a new, third research topic.

31. Dr. Butler provided Plaintiff no meaningful explanation for how or why a topic that was acceptable during the approximately fifteen months before they met face-to-face suddenly was not, or why Plaintiff was abruptly failed in this fashion.

32. Plaintiff complained of his treatment by Dr. Butler at several different levels of the SMU administration, including directly to the President.

33. Defendant essentially ignored Plaintiff's complaints about Butler's treatment of him.

34. Defendant required Ph.D. candidates to complete their degrees within five years or else either start the Ph.D. program over from nearly the beginning or be expelled.

35. Plaintiff lacked the resources to begin the Ph.D. program all over again, so he was forced to withdraw from SMU.

36. To protect his academic reputation after failing the Qualifying Examination and his subsequent withdrawal from SMU, Plaintiff was forced to continue and finalize his research on his own, to validate his underlying theories and prior work.

37. Plaintiff did this over the course of several months, with no adviser, at considerable expense to himself.

38. Plaintiff's dissertation work was ultimately validated when the Institute of Electrical and Electronics Engineers published a research paper he wrote on it and Plaintiff had the processes he described in the paper patented by the U.S. Patent & Trademark Office, at considerable expense to himself.

39. Defendant did not fail Plaintiff on his Qualifying Examination for any valid reason. Plaintiff was failed because of his race (Middle Eastern/North African), ethnicity (Syrian/Lebanese), and place of origin (Lebanon)

40. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for those services. Defendant should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized by law.

## COUNT I
## DISCRIMINATION UNDER 42 U.S.C. § 2000d et. seq.

41. Paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

42. This is an action against Defendant for discrimination based on race, ethnicity, and national origin, brought under 42 U.S.C. § 2000d et. seq.

43. Defendant discriminated against Plaintiff by unlawfully denying him advancement in, or completion of, its Electrical Engineering Ph.D. program based on his race (Middle Eastern/North African), ethnicity (Syrian/Lebanese), and place of origin (Lebanon), in violation of 42 U.S.C. § 2000d et. seq.

44. Defendant is liable for Plaintiff's unlawful, discriminatory treatment because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent Plaintiff's unlawful treatment.

45. Furthermore, Defendant is liable for Plaintiff's unlawful, discriminatory treatment because it controlled, allowed, and participated in the same. Defendant's known allowance and ratification of these actions and inactions created, perpetuated, and facilitated an unlawful practice within the meaning of the statutes referred to herein. In effect, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an unlawful, racially and ethnically discriminatory nature and in violation of the laws set forth herein.

46. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered past and future pecuniary losses, including wasted tuition, lost past and future wages and benefits, and interest on all three. Plaintiff has also suffered <u>non</u>-pecuniary losses, including loss of reputation, inconvenience, emotional distress, mental pain and suffering, mental anguish, exacerbation of existing illness or injury, bodily injury, and loss of enjoyment of life.  These damages have occurred in the past and are permanent and continuing. Plaintiff is also entitled to injunctive/equitable relief.

## COUNT II
## <u>DISCRIMINATION UNDER 42 U.S.C. § 1981 et. seq.</u>

47. Paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

48. This is an action against Defendant for discrimination based on race, ethnicity, or national origin, brought under 42 U.S.C. § 1981 <u>et. seq.</u>

49. Defendant discriminated against Plaintiff by unlawfully denying him advancement in, or completion of, its Electrical Engineering Ph.D. program based on his race (Middle Eastern/North African), ethnicity (Syrian/Lebanese), and place of origin (Lebanon), in violation of 42 U.S.C. § 1981 <u>et. seq.</u>

50. Defendant's discriminatory conduct, as described herein, interfered with or denied Plaintiff the opportunity to make or enforce contracts for, among other things, future education and employment with itself and others.

51. By impairing Plaintiff's ability to make and enforce contracts, Defendant denied Plaintiff the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, in violation of 42 U.S.C. § 1981 <u>et. seq.</u>

52. Defendant is liable for Plaintiff's unlawful, discriminatory treatment  because it

controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent Plaintiff's unlawful treatment.

53. Furthermore, Defendant is liable for Plaintiff's unlawful, discriminatory treatment of Plaintiff because it controlled, allowed, and participated in the same. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an unlawful practice within the meaning of the statutes referred to above. In effect, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an unlawful, racially and ethnically discriminatory nature and in violation of the laws set forth herein.

54. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered past and future pecuniary losses, including wasted tuition, lost past and future wages and benefits, and interest on all three. Plaintiff has also suffered non-pecuniary losses, including loss of reputation, inconvenience, emotional distress, mental pain and suffering, mental anguish, exacerbation of previous illness and injury, bodily injury, and loss of enjoyment of life. These damages have occurred in the past, are permanent and continuing. Plaintiff is also entitled to injunctive/equitable relief.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following: that process issue and this Court take jurisdiction over this case; that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff; enter judgment against Defendant and for Plaintiff, awarding all legally-available

general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of the law enumerated herein; enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of laws enumerated herein; enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; award Plaintiff interest, including pre- and post-judgment interest, where appropriate; and grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 13th day of July 2018

                                        Respectfully Submitted,

                                        /s/ Marie A. Mattox
                                        Marie A. Mattox [FBN 0739685]
                                        MARIE A. MATTOX, P. A.
                                        310 East Bradford Road
                                        Tallahassee, FL 32303
                                        Telephone: (850) 383-4800
                                        Facsimile: (850) 383-4801
                                        ATTORNEYS FOR PLAINTIFF